HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL K. NORVELL,

           Plaintiff,

   v.

SILVER BAY SEAFOODS, LLC
fka OBI SEAFOODS LLC fka
OCEAN BEAUTY SEAFOODS
LLC,

           Defendant.

Case No.  2:25-cv-01607-RAJ

ORDER

## I.    INTRODUCTION

THIS MATTER comes before the Court on the Motion to Dismiss (the "Motion," Dkt. # 10) of Defendant OBI Seafoods LLC ("OBI").[1]  The Court has reviewed the Motion, Defendant's Reply, Dkt. # 16, Plaintiff's Motion for Extension of Time to File Answer, Dkt. # 17, Defendant's Response to Plaintiff's Motion for Extension of Time to File Answer, Dkt. # 19, and the balance of the record.  For the reasons set forth below, the Court **DENIES** the Motion.

---

[1] Plaintiff filed this lawsuit against "Silver Bay Seafoods, LLC fka OBI Seafoods LLC fka Ocean Beauty Seafoods LLC." *See* Dkt. # 4.  The Court will adopt the naming convention used in Defendant's Motion to Dismiss.  Dkt. # 10.

ORDER - 1

## II.    BACKGROUND

On August 26, 2025, *pro se* Plaintiff Daniel K. Norvell ("Mr. Norvell") filed a complaint, alleging workplace racial discrimination, wrongful termination, and hostile work environment under Title VII of the Civil Rights Act of 1964. Dkt. # 4 at 1–2. On January 7, 2026, Mr. Norvell moved for entry of default. Dkt. # 8. On the following day, the Clerk of the Court entered an order denying Mr. Norvell's request for entry of default for improper service. Dkt. # 9. On February 10, 2026, OBI filed the Motion, seeking dismissal pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), and in the alternative, pursuant to Rule 12(b)(6). Dkt. # 10. Mr. Norvell did not file a response, and, on March 9, 2026, OBI filed a Reply in support of the Motion. Dkt. # 16. Mr. Norvell then filed a motion for extension of time to respond to the Motion, Dkt. # 17, and OBI filed a response opposing Mr. Novell's motion. Dkt. # 19.

## III.    LEGAL STANDARD

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a motion to dismiss may be granted for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). Similarly, dismissal may be granted under Rule 12(b)(5) for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Federal courts do not have jurisdiction over defendants unless they have been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4 is flexible and "'should be liberally construed so long as a party receives sufficient notice of the complaint.'" *Id.* (quoting *United Food & Com. Workers Union, Locs. 197, 373, 428, 588, 775, 839, 870, 1119, 1179 & 1532, by United Food & Com. Workers Int'l Union, AFL-CIO v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). "Nonetheless, without substantial compliance with Rule 4 'neither actual notice nor simply naming the

ORDER - 2

defendant in the complaint will provide personal jurisdiction.'" *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

## IV.   DISCUSSION

Service of process is governed by the requirements in Federal Rule of Civil Procedure 4, which instructs that a plaintiff is responsible for effectuating service "within the time allowed by Rule 4(m)" and that service is to be completed by a "person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(1)–(2). Although Mr. Norvell attempted to complete service on October 10, 2025, the attempt was improper because he, not a third party, attempted to serve OBI with certified mail. Dkt. # 7 at 2; Dkt. # 8 at 1 ("Plaintiff served the herein Summons and Complaint upon the Defendant OBI Seafoods LLC n/k/a Silver Bay Seafoods LLC by first class United States certified mail, return service requested . . . .")

Additionally, Rule 4(h) governs service of a corporation, partnership, or association, and it provides two methods to complete service when the defendant is within a judicial district of the United States. Fed. R. Civ. P. 4(h)(1). First, the defendant may be served in accordance with Rule 4(e)(1), which governs service of individuals. Fed. R. Civ. P. 4(h)(1)(A). Second, the defendant may be served as follows:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(B).

Rule 4(e)(1) provides that service of an individual may be completed by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Accordingly, the Court looks to Washington law regarding service of

ORDER - 3

process. Under Washington law, "[a] represented entity may be served with any process, notice, or demand required or permitted by law by serving its registered agent." Wash. Rev. Code § 23.95.450(1). Mr. Norvell never served OBI's registered agent pursuant to Rule 4(h)(1)(A) or delivered a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" pursuant to Rule 4(h)(1)(B). Dkt. # 10 at 4–8. Therefore, Mr. Norvell failed to effectuate service. This, however, does not end the inquiry.

"District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Thus, Rule 4(m) requires a district court to extend the time for service if a plaintiff shows good cause for the delay, and the rule permits the court to extend time even where no good cause exists. *Efaw*, 473 F.3d at 1040.

In determining whether to extend the time for service, "a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Id.* at 1041 (citation omitted). All four factors weigh in favor of extending the time for service.

**Statute of Limitations Bar**

"Once a complaint is filed, the statute of limitations is tolled unless and until the district court dismisses the action." *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). After receiving the Equal Employment Opportunity Commission Determination and Notice of Rights letter granting Mr. Norvell the right to sue, Mr. Norvell filed the instant lawsuit on the last day of the 90-day period. Dkt. # 4 at 10; Dkt. # 10 at 3. Thus,

ORDER - 4

if the Court grants the Motion, Mr. Norvell would be barred from refiling the lawsuit. In this very situation where the statute of limitations would bar refiling, "a district court might use its discretion to grant an extension." *Mann*, 324 F.3d at 1090–91 (citation omitted). Therefore, this factor weighs in favor of extension.

### **Prejudice to the Defendant**

OBI fails to show how an extension to effectuate service would be prejudicial to it. The only indication of prejudice the Court has is in OBI's response to Mr. Norvell's motion for extension of time to file a response to the Motion. Dkt. # 19. There, OBI argued that granting Mr. Norvell's motion would be prejudicial because (1) OBI "has expended significant time and resources" preparing and filing the Motion, (2) OBI "has been subjected to this lawsuit since August 2025—over seven (7) months," and (3) "an extension of time cannot cure the defects raised" in the Motion. Dkt. # 19 at 8. The Court finds these reasons unpersuasive.

First, preparing and filing a motion to dismiss is ordinary defense practice. The Court does not find OBI has been prejudiced by filing a routine motion to advance its interests in this case.

Second, the length of time that OBI has been subjected to this lawsuit is not prejudicial. *Compare Microsoft Corp. v. BC Tech Gear*, No. 09-cv-2094, 2010 WL 1850148, at *2 (E.D. Cal. May 6, 2010) (the complaint was filed in December 2009 and the court granted an extension to effectuate service in May 2010), *and Faaita v. Liang*, No. 07-cv-601, 2008 WL 3833380, *1, *3 (D. Haw. Aug. 13, 2008) (the court denied a motion to dismiss for untimely service when the complaint was filed in December 2007 and defendants were served in June 2008, two months after the 120-day deadline for service had expired), *with Efaw*, 473 F.3d at 1041 (plaintiff's delay was extraordinary because plaintiff failed to effectuate service for seven years).

ORDER - 5

Third, OBI's argument that an extension would not cure the defects raised in its Motion is also unpersuasive.  OBI made this argument in the context of opposing Mr. Novell's motion for extension of time to file a response to the Motion.  In the context of extending the service deadline, however, permitting more time to perfect service may cure the defects, and the Court is satisfied that Mr. Norvell would be able to effectuate service by properly serving OBI via serving its registered agent.

**Actual Notice of the Lawsuit and Eventual Service**

The Court is satisfied that OBI has actual notice of the lawsuit.  Setting aside OBI's constant efforts in defending the lawsuit by filing (1) a response opposing Mr. Norvell's motion for extension of time to file a response, Dkt. # 19, (2) the Motion to Dismiss pursuant to Rule 12(b)(5) and Rule 12(b)(2), Dkt. # 10, and (3) the Reply in support of the Motion, Dkt. # 16, OBI has indicated that it is familiar—at least in part—with Mr. Norvell's claims.  OBI's Motion requests dismissal in the alternative pursuant to Rule 12(b)(6) because Title VII does not permit treble damages and the EEOC Right to Sue letter did not contain approval for some of the claims in the Complaint.  Dkt. # 10 at 11–14.  While the Court does not reach OBI's Rule 12(b)(6) arguments, the Court is satisfied that OBI's defense indicates that OBI has actual notice of the lawsuit.

Therefore, the Court elects to exercise its discretion and grants Mr. Norvell an extension of time to effectuate service.  *See S.J. v. Issaquah Sch. Dist. No. 411,* 470 F.3d 1288, 1293 (9th Cir. 2006) (stating that "the district has discretion to dismiss an action or to quash service" and that a Rule 4(m) extension of time "is best left to the district court's discretion"); *Wick Towing, Inc. v. Northland*, No. 15-cv-1864, 2016 WL 3461587, at *2 (W.D. Wash. June 21, 2016) ("Where it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the

ORDER - 6

appropriate course."); *Atanda v. Norgren (IMI Precision Eng'g)*, No. 20-cv-796, 2021 WL 2805322, at *3 (W.D. Wash. July 6, 2021) (the court believed that the plaintiff would be able to properly serve the defendants and, accordingly, exercised its discretion by denying the motion to dismiss and ordering the plaintiff to serve the defendants within 45 days of the date of the order). Therefore, Mr. Norvell has until the time set forth below to effectuate proper service or risk dismissal of his Complaint.

## V.    RESOURCES FOR *PRO SE* LITIGANTS

Materials to assist *pro se* litigants are available on the United States District Court for the Western District of Washington's website, including a Pro Se Guide to Filing Your Lawsuit in Federal Court (https://www.wawd.uscourts.gov/representing-yourself-pro-se) ("*Pro Se* Guide"). The *Pro Se* Guide provides information to *pro se* litigants, including guidance on serving the summons and complaint and requesting court-appointed counsel. *See* Pro Se Guide at 14, 23–25.

## VI.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss, Dkt. # 10. The Court **ORDERS** Plaintiff to properly serve Defendant by no later than **June 5, 2026**.

The Clerk of Court is directed to terminate as moot Plaintiff's Motion for Extension of Time to File Answer, Dkt. # 17.

Dated this 22nd day of April, 2026.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER - 7